IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | :   **Case No. 1:21-cr-52 (TJK)** |
| v. | : |
| | :   **UNDER SEAL** |
| **DOMINIC PEZZOLA,** | : |
| Also Known As "Spaz," | : |
| Also Known As "Spazzo," | :   Case No. 21-cr-52 |
| Also Known As "Spazzolini," | :   Assigned to: Judge Timothy J. Kelly |
| | :   Assign Date: 4/16/2021 |
| | :   Description: SUPERSEDING INDICTMENT (B) |
| **WILLIAM PEPE, and** | :   Case Related to 21-CR-52 (TJK) |
| | : |
| | : |
| **MATTHEW GREENE,** | : |
| | : |
| Defendants. | : |

## GOVERNMENT'S MOTION TO SEAL FIRST SUPERSEDING INDICTMENT AND RELATED DOCUMENTS

The United States of America, moving by and through its undersigned counsel, respectfully moves the Court for an Order placing the above-captioned First Superseding Indictment, Arrest Warrant, and the application and affidavit in support thereof, and all attachments thereto and other related materials (collectively herein the "Complaint") under seal. In support of this motion, the government states:

1.     The Court has the inherent power to seal court filings when appropriate, including the Arrest Warrant. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Arrest Warrant to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Arrest Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

2. On April 16, 2021, the government returned the First Superseding Indictment and applied for an Arrest Warrant in this matter. The Indictment charges the defendants in ten counts with criminal violations related to the assault on the U.S. Capitol, which took place on January 6, 2021.

3. Although defendants Pezzola and Pepe have been arrested and charged in connection with this matter, defendant Greene has not. The FBI plans to move expeditiously to take Greene into custody once the indictment is returned, but early publication of the indictment's existence may prompt Greene to flee from law enforcement, destroy evidence, and/or tamper with witnesses. Indeed, the government is aware that in at least one message sent via encrypted communication method, Greene referred to an individual he believed to be a government informant as a "f***ing rat," and in other encrypted chat sessions, he was trying to discern the identity of a government witness referred to as "W-1" in an affidavit. Additionally, it appears, based on a prior search of Greene's phone, that he attempted to delete many chats that took place prior to January 6, 2021.

4. For the foregoing reasons, the government respectfully requests that the Complaint and Arrest Warrant be sealed until further order of this Court, except that it may be unsealed upon request by any judicial officer in any District before whom the defendant appears pursuant to this Complaint.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

Date: 4/16/2021

By: _____
Erik M. Kenerson
Assistant United States Attorney
OH Bar No. 82960
National Security Section
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7201
Email: erik.kenerson@usdoj.gov