**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

     -v-                             Case No. 21-cr-00052 (TKJ)-2

WILLIAM JOSEPH PEPE,

          Defendant.

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO HIS**
**MOTION FOR RELIEF FROM PREJUDICIAL JOINDER**

Defendant, William Pepe (Mr. Pepe), by and through his counsel, tenders this Reply in response to the Government's Opposition to his Motion for Relief from Prejudicial Joinder. *See* ECF No. 53. The weight of the evidence and the charges is not minimal and cannot be cured by limiting instructions. *Contra* ECF No. 53, at 1. The Government heavily downplays the potential for spillover bias based on the violent charges against Mr. Pezzola and the complete lack of evidence regarding a conspiracy.

I.     **FACTUAL BACKGROUND**

Many of the important facts are contained within Mr. Pepe's motion to server. *See* ECF No. 46-1, at 1-3. However, Mr. Pepe will specifically address factual allegations within the Government's opposition which are either incorrect or misleading. Mr. Pepe, Mr. Pezzola, and Mr. Greene may all be members of the Proud Boys, Mr. Pepe knows Mr. Pezzola to be a Proud Boy and believes Mr. Greene to be a Proud Boy but they are not all members of the same Proud Boys chapter, meaning they did not coordinate together in the days, weeks, or months leading up to January 6 to plan out anything let alone an "attack".

Mr. Pepe did meet with friends of his near the Washington Monument on the morning of January 6, but was not with Mr. Pezzola or Mr. Greene, has no knowledge of where they were, and any evidence they were near or around him is purely coincidental.

1

The Government paradoxically states that Mr. Pepe was not wearing Proud Boys traditional black and yellow. ECF No. 53, at 2. Had Mr. Pepe been wearing black and yellow the Government would undoubtedly have held this against him, and yet they are using the absence of him wearing black and yellow as evidence of his participation in a plot. This fact would be impossible to prove false in the way the Government uses it.

The Government continues to allege that because Mr. Pezzola, Mr. Greene, and Mr. Pepe were in a crowd in the same general area, at the same relative time, despite no communication between them that they acted in concert, despite being part of an uncoordinated rowdy group of irate people. There has been no showing thus far that Mr. Pepe participated in any conspiracy or helped or assisted Mr. Greene or Mr. Pezzola any more than the thousands of other people who just so happened to be there on January 6.

These factual disputes do not constitute all of the disputes that may arise, but merely highlight the most egregious examples and those which are relevant for the purposes of this motion, where the weight and character of the evidence are particularly relevant.

## II.   LEGAL STANDARD

Rule 14 severance is warranted where joinder "appears to prejudice a defendant," Fed. R. Civ. P. 14(a), such as when there is "serious risk that a joint trial would" either (1) "compromise a specific trial right of one of the defendants," or (2) cause prejudicial spillover, i.e., "prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Ford*, 155 F. Supp. 3d 60, 66 (D.D.C. 2016) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993).).

The Supreme Court recognized that in criminal conspiracy cases "the liberal rules of evidence and the wide latitude accorded the prosecutor may, and sometimes do, operate unfairly against an individual defendant." *Glasser v. United States*, 315 U.S. 60, 76 (1942). The "dangers of transference of guilt" are such that a court should use "every safeguard to individualize each

defendant in his relation to the mass." *Kotteakos v. United States*, 328 U.S. 750, 774 (1946). *See Blumenthal v. United States*, 332 U.S. 539, 559-560 (1948). Therefore, even when a defendant is charged as a co-conspirator it is necessary to sever the trial when overwhelming evidence or the nature of charges against co-defendants is likely to prejudice the defendant.

When there is a great disparity in the weight of the evidence, strongly establishing the guilt of some defendants, the danger persists that that guilt will improperly "rub off" on the others. *United States v. Kelly*, 349 F.2d 720, 756-759 (2d Cir. 1965). Severance is among *the most important safeguards available* to minimize the risk of prejudice. *United States v. Mardian*, 178 U.S. App. D.C. 207, 546 F.2d 973, 977 (1976) (*emphasis added*). Severance is required "when the evidence against one or more defendants is "far more damaging" than the evidence against the moving party." *United States v. Bolden*, 16 U.S. App. D.C. 60, 69, 514 F.2d 1301, 1310 (1975). This standard is met in Mr. Pepe's case as the weight of the evidence and the nature of the charges against his codefendants is far greater than the evidence and charges facing Mr. Pepe.

The District Courts also enjoy broad discretion under Rule 14 to sever trials. *United States v. Ford*, 276 U.S. App. D.C. 315, 870 F.2d 729, 730 (1989). The Government repeatedly cites to DC Circuit Appeals Courts upholding the denial of severance. *See* ECF No. 53, at 6-9. However, Rule 14 severance is up to the broad discretion of the Court, on appeal it is reviewed for plain error, reliance on these appellate cases is an attempt to shift the goal posts away from the Court's true discretionary standard.

III.    **ARGUMENT**

   1.    **There is significant disparity in the weight of the evidence against Mr. Pepe compared to Mr. Pezzola and Mr. Greene.**

The weight of the evidence against Mr. Pezzola and Mr. Green far outweighs the evidence against Mr. Pepe. Particularly with regard to the criminal conspiracy charges, there is a significant

disparity in the weight of the evidence against Mr. Pepe compared to that of Mr. Pezzola and Mr. Greene. For this reason, severance is warranted. *See United States v. Nicely*, 287 U.S. App. D.C. 322, 922 F.2d 850, 855 (1991) (Holding that the evidence regarding their participation in the conspiracies was scant at best and limiting instructions could not assure proper compartmentalization of the evidence). Mr. Pepe cannot deny that he may have been in close proximity to Mr. Pezzola or Mr. Greene, as Mr. Pepe simply has no idea where Mr. Pezzola or Green may have been on January 6 as he never communicated or coordinated with them. Mr. Pepe was in a crowd of thousands of people who marched towards the Capitol steps near First Street, where Mr. Pezzola and Mr. Greene also apparently walked. Now because Mr. Pezzola assaulted an Officer, stole the officer's riot shield, and smashed a window into the Capitol and Mr. Pepe happened to be in the same general vicinity of all of that conduct, the Government attempts to impute that onto him via conspiracy and ignores that thousands of other protestors were also present in the immediate area.

Even the Government's purported evidence described in their Opposition from the evidence recovered from Mr. Pepe's cellphone characterizes Mr. Pepe to be a witness rather than a co-conspirator. Other than the video which purports to show Mr. Pepe "throw" a barricade, which weighs nearly 50 pounds, (a wild mischaracterization of the clip), the Government lacks any evidence unique to Mr. Pepe. In fact, the Government mentions numerous other "publicly available" videos captured from that day from individuals around the same time and place, it would seem based on the Government's argument those people are properly classified as co-conspirators as well. *See* ECF No. 53 at 7. Even as the Government describes the overlap in evidence in their Opposition Mr. Pepe is no more than a witness to Mr. Pezzola's and Mr. Greene's alleged crimes not a co-conspirator.

4

The Government also cites to evidence of Mr. Pepe's presence at the same hotel the night before January 6, again a place with many other people. The Government even blocked out other individuals in the picture which captured both Mr. Pepe and Mr. Pezzola in the frame, highlighting the fact that there are hundreds if not thousands of people in the hotel together at the same time, many of whom also went to the January 6 protests, and not all of whom are co-conspirators. There is a great disparity in the weight of the evidence against Mr. Pepe, compared to the weight against Mr. Pezzola and Mr. Greene, as such, relief from joinder under Rule 14 is warranted. *See Mardian v. United States*, 546 F.2d 973 (D.C. Cir 1976), *Nicely*, 287 U.S. App. D.C. at 922.

## 2.    There is a dramatic disparity in the charges brought against Mr. Pepe compared to Mr. Pezzola.

The Government errs in its Opposition relying heavily on the number of charges brought against Mr. Pepe compared to Mr. Pezzola and Mr. Greene, but ignoring the nature or character of the charges brought. The Government notes that Mr. Pepe is charged with 10 of the 13 charges that Mr. Pezzola is charged with and that as such there is no disparity in the charges brought as there was under *Sampol*. ECF No. 53, at 11. The Government also incorrectly states "Evidence of Pezzola's and Greene's actions on January 6 is in fact material and relevant to Pepe's guilt and would be admissible at a separate trial of Pepe." *Id.* This in fact highlights precisely why the trials must be separated, even the Government cannot sort out what evidence is material and relevant against one defendant or another and seems to imply that they are intending to impute the worst conduct of Mr. Pezzola onto Mr. Pepe. *See id.*, at 11.

The Government erred in focusing solely on the number of charges brought and ignoring the nature and character of those charges. *See United States v. Sampol*, 204 U.S. App. D.C. 349, 636 F.2d 621, 646 (1980). Mr. Pepe is not charged with any violent conduct on January 6. Mr. Pezzola is charged with assaulting an officer, stealing their riot shield and then using the riot shield

to break a window which let the first groups of people into the halls of Congress, according to the Government. This charge represents a significantly distinct emotional set of facts that threatens to bias the jury against Mr. Pepe who is not charged with such inflammatory conduct.

The graphic videos and descriptions of Mr. Pezzola violently beating and punching an officer, at an event where it is known that multiple officers were hospitalized, is extremely likely to inflame a jury. *See id.* Especially, when Mr. Pezzola goes on to steal property from the police officer and use that property to help thousands of people enter into the Capitol building. Mr. Pezzola's conduct is one of the most well documented, photographed, and disseminated image over social media regarding January 6. This inflammation of the jury will then be improperly transferred to Mr. Pepe through "emotion charged" presentation of evidence and "rubbing off of guilt" unless his trial is severed under rule 14. *Id.* at 646-47. It is unreasonable to expect a jury to compartmentalize the evidence against Mr. Pezzola and Mr. Greene and Mr. Pepe and thus severance is warranted. *Id.*

## IV.    CONCLUSION

For the forgoing reasons, William Pepe moves for this Court to reject the opposition presented by the Government and sever his trial from that of his co-defendants Mr. Pezzola and Mr. Greene under Fed. Rule of Crim. Pro. 14(a). In the interests of justice, this relief is warranted because the evidence is far more damaging against Mr. Pepe's co-defendant's both in weight and in character and thus joinder would prejudice the jury against Mr. Pepe.

Date:   June 1, 2021                    Respectfully submitted,

                                         /s/ John M. Pierce
                                        John M. Pierce (*PHV* admitted)
                                        Pierce Bainbridge P.C.
                                        355 S. Grand Avenue, 44th Floor
                                        Los Angeles, CA 90071
                                        (213) 262-9333
                                        jpierce@piercebainbridge.com

                                        *Attorneys for Defendant William Pepe*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 1, 2021, the forgoing document was filed via the Court's

electronic filing system, which constitutes service upon all counsel of record.

/s/ John M. Pierce
John M. Pierce
