UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    -v-                                    Case No. 1:21-cr-000052 (TJK)

WILLIAM PEPE,

        Defendant.

## DEFENDANT'S REPLY TO GOVRNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS DEFECTIVE INDICTMENT

**I.  THE STATUTE'S PLAIN TEXT INDICATES THE CERTIFICATION OF THE ELECTORAL COLLEGE VOTE IS NOT COVERED BY THE STATUTE**

The Government is correct that the first step in interpreting any statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case at hand. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). The plain language of 1512 and 1515 demonstrates the Certification of the Electoral College Vote is outside the scope of 1512. The Government fails to understand that in analyzing the plain language of a statute the "plainness or ambiguity of the statutory language is determined by reference to the *language itself, the specific context in which that language is used, and the broader context of the statute as a whole*." *Id.* at 846 (emphasis added). The Government complains the Court must affix blinders in its analysis of 1512(c)(2) and only look to five words in 1515(a)(1)(B), closing the Court's eyes and ears to all other words in the statute. 18 U.S.C. § 1515(a)(1). This crabbed method of statutory analysis has been flatly rejected by the Supreme Court. *Robinson,* 519 U.S. at 340 (holding the word "employee" must be interpreted in context with its surrounding statutory scheme in determining the term's definition).

The Government complains Mr. Pepe skips past analysis of the statutory text, this assertion is wrong. *See* Def. Mtn. To Dismiss at 3. As previously discussed, the plain statutory text at issue

1

in this case is found in 1512(c)(2) requiring the Government to prove Mr. Pepe "corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so." and 1515(a)(1) defines an "official proceeding as;

    a. a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury;

    b. a proceeding before the Congress;

    c. a proceeding before a Federal Government agency which is authorized by law; or

    d. a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce.

18 U.S.C. §§ 1512 (c)(2), 1515(a)(1).

The Government's confusion concerning the statute's plain language seems to revolve around the Government's contention that plain language must be considered sentence by sentence or clause by clause. This is incorrect. *See Robinson,* 519 U.S. at 340.

The complete plain language of the statute contains numerous factors indicating "official proceeding" refers to the legal rather than the lay definition of the term. These plain language factors have already been explored in Mr. Pepe's initial motion, but to reiterate include the "official" qualifier before "proceeding," the specified applications to judicial proceedings, and other such proceedings as authorized by law, and the statute's own title and placement in the statutory scheme. While it is true that no single factor is dispositive of the plain meaning of a statute, factors such as a statutory title and placement in the statutory scheme provide compelling evidence which aids in the understanding of the language of the statute's plain meaning. *See INS*

*v. Nat'l Ctr. For Immigrants Rts Inc.*, 502 U.S. 183, 189 (1991). This analysis has already been conducted in Mr. Pepe's original motion and needs not be repeated at length here.

## II.     THE GOVERNMENT SEEKS A RADICAL CHANGE IN THE LAW EXPANDING THE REACH OF THE GOVERNMENT FAR BEYOND ANY PRECEDENT

The Government correctly observes no other court to date has considered the meaning of an "official proceeding before Congress" under 1512. Gov. Opp. Def. Mtn. To Dismiss, at 13. This is because the Government has never before attempted to stretch 1512 to such a length as seen in this case. Rather the related precedent considering the definition of an "official proceeding" under 1512 has limited the statute's application to formal proceedings with quasi-judicial character. *See United States v. Ramos*, 537 F.3d 439, 462-63 (5th Cir. 2008), *United States v. Perez*, 575 F.3d 164, 169 (2d Cir. 2009); *Marinello v. United States*, 138 S. Ct. 1101, 1109-10 (2018).

The Government fails to refute prior holdings defining "official proceeding" as a legal term based on the plain language of the statute. *See United States v. Ermoian*, 752 F.3d 1165, 1169 (9th Cir. 2013) (holding 1515's plain language of the statute indicates "official proceeding" suggests that the legal – rather than the lay – understanding of the term "proceeding" is implicated in the statute). The Government attempts to brush off this precedent as inapplicable despite prior court's having conducted extensive analysis of the same "official proceeding" language of the statute. While no court has yet to rule on the scope of an "official proceeding" before Congress, all precedent indicates the statute should properly be interpreted with a moderate and not an over-expansive application.

The Government attempts to cite *United States v. Petru*, to support its claim that 1512 was meant to apply broadly, this argument lacks merit. *See* Govt. Reply Opp. Def. Mtn. to Dismiss, at 11. The Court in *Petru* considered a 1512 charge against a defendant who attempted to obtain statements to support a false alibi. *United States v. Petruk*, 781 F.3d 438, 444 (8th Cir. 2015).

3

While the Court refers to 1512 as similar to a catchall provision in a jury tampering statute, this was only in reference to the fact that the statute applies to more conduct than just direct witness tampering. *Id* at 444. The court makes no ruling on if 1512 would apply to all actions of Congress or government agencies and therefore has no applicability to Mr. Pepe's case. Instead *Petru* focuses on an example of the proper application of 1512, to a proceeding in which quasi-judicial or judicial actions are attempted to be corrupted by a defendant. *See id.*

In short, all Court precedent favors a reasonable limited application of 1512 that would not be applicable to every action of Congress. All precedent has imposed limitations on the scope of 1512, demonstrating a cautionary approach limiting the Government to prosecuting under the statute to cases where a proceeding of sufficient formal and quasi-judicial character occurred. The Government now seeks a radical departure from precedent, expanding the scope of 1512 to newfound reaches which would seemingly apply to any governmental action without limit.

### III.   1512(C)(2) IS NOT CRIPPLED AND RENDERED INEFFECTUAL BY UPHOLDING THE LIMITS IMPOSED BY "OFFICIAL PROCEEDINGS"

Upholding the limit of 1512's application to only "official proceedings" with a quasi-judicial character and not applying the statute to every act of Congress does not hobble the statutory scheme. The Government misquotes Mr. Pepe's motion in stating "The defendant argues (Mot. 6) that "a proceeding before the Congress" in 18 U.S.C. § 1515(a)(1)(B) should encompass only "a congressional investigation or an impeachment." Govt. Opp. To Def. Mtn to Dismiss, at 9. Mr. Pepe does not contend that this Court must hold 1512(c))(2) can *only* apply to impeachment proceedings and formal congressional investigations, rather that these are two examples in which 1512(c)(2) would unquestionably apply. Under these scenarios Congress sits in a quasi-judicial role with the ability to call witnesses, hear testimony, and determine facts, all indicative of the types of proceedings 1512 was intended to apply to. *See United States v Burge*, 711 F 3d 803, 809

(7th Cir 2013) (Finding Section 1512 application as applying to pretrial conduct and investigations undertaken by federal agencies).

The Government attempts to argue that even if the Court were to hold the Government does not have unlimited discretion to apply 1512 to all actions of Congress, the Electoral Vote Confirmation would still qualify as an "official proceeding." This argument lacks merit. Govt. Opp. To Def. Mtn to Dismiss, at 12. The mere convocation of Congress and ability for Congress members to object during the event does not indicate any required quasi-judicial function. The mere trappings of formality are not sufficient to render an act an "official proceeding" under 1512; there must be legal powers and processes in place indicating a judicial function. *Ermoian*, 752 F.3d at 1172 (The use of the terms "attendance", "testimony", "production", and "summon" in 1512 all indicate a criminal investigation is not an official proceeding as it lacks such key quasi-judicial functions).

## IV.    CONCLUSION

Section 1512(c)(2) has consistently been limited to "official proceedings" with a quasi-judicial character, and should continue to be interpreted by its plain meaning as such. The Government demands a drastic departure from this precedent arguing all other rulings limiting 1512's application are totally inapplicable without addressing the root of these textual restraints. The Government ignores the plain language of the statute demanding the Court apply narrow blinders and disregard the full words of the statute. Further, even if the Court breaks from the precedent of sister circuits and does not find the plain language of 1512 favors a limited application, the Court should still dismiss the 1512(c)(2) charge in this case based on the overall legislative intent and rule of lenity should the Court find ambiguity in the statute. For these reasons and all other expressed in Mr. Pepe's original motion the Court should dismiss the 1512(c)(2) charge.

Date:   June 1, 2021				Respectfully submitted,

 /s/ John M. Pierce  
John M. Pierce (*PHV* admitted)  
Pierce Bainbridge P.C.  
355 S. Grand Avenue, 44th Floor  
Los Angeles, CA 90071  
(213) 262-9333  
jpierce@piercebainbridge.com  

*Attorneys for Defendant William Pepe*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 1, 2021, the forgoing document was filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ John M. Pierce<br>
John M. Pierce