IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DOMINIC PEZZOLA, WILLIAM PEPE, and MATTHEW GREENE,<br><br>    Defendants.<br><br>CABLE NEWS NETWORK, INC., et al.,<br><br>    Proposed Intervenors. | Case No. 21-cr-52-TJK |

**THE PRESS COALITION'S MOTION TO INTERVENE AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Local Criminal Rule 47, Proposed Intervenors (together, the "Press Coalition") respectfully move to intervene in this matter for the limited purpose of challenging the Government's blanket designation of surveillance video from the United States Capitol as "Sensitive" or "Highly Sensitive," which improperly prevents Defendants Dominic Pezzola, William Pepe and Matthew Greene from providing any CCTV videos obtained in discovery to the press and public and seals any CCTV video exhibits upon filing.

The Government cannot demonstrate a legitimate need to designate these videos as "Sensitive" given the recent judicial determinations that the Government's asserted risk of security concerns from release of the surveillance videos "is speculative and attenuated." *United States v. Torrens*, 21-cr-204-BAH, 2021 U.S. Dist. LEXIS 174997 (D.D.C. Sept. 15, 2021) (ordering release of CCTV video exhibits over the Government's objection); *see also* Order, *United States v. Anderson,* 21-cr-215-RC (D.D.C. July 29, 2021), Dkt. 37 (same).

Given the record in other January 6 prosecutions on this exact issue, the Court should (1) deny the Government's motion for a protective order to the extent that it permits a "Sensitive" designation that prohibits distribution of and seals CCTV videos submitted to the Court, and further order the parties to (2) file a public notice on the docket when they submit video exhibits to the Court, and (3) include in that notice the parties' positions regarding release of the videos to the Press Coalition consistent with Standing Order No. 21-28 (BAH).

## BACKGROUND

This action is one of many criminal cases pending in this District arising out of the January 6, 2021 riot at the United States Capitol. The Defendants are charged with crimes related to the riot.

On February 2, 2021, the Government moved for a protective order controlling discovery exchanged with Defendant Dominic Pezzola, which provided that materials produced by the United States "in connection with" the case "may be used by the defendant and defense counsel . . . solely in connection with the defense of this case, and for no other purpose . . . without further order of this Court." Protective Order Governing Discovery, Dkt. 17. The Court entered this protective order as to Pezzola, then subsequently as to the other Defendants as well. Minute Order of June 9, 2021; Minute Order of May 25, 2021; Minute Order of June 7, 2021.

On October 20, 2021, the Government moved for a second protective order as to all Defendants, requesting that Capitol surveillance video exchanged in discovery be designated "Sensitive" or "Highly Sensitive" and if submitted, be filed under seal "[a]bsent prior agreement by the parties or permission from the Court." United States' Mot. for Second Protective Order ("Second Mot."), Dkt. 82, 82-1 at 2-3. In support of its motion, the Government attached a declaration executed on March 17, 2021 by Thomas DiBiase, General Counsel for the Capitol Police asserting that surveillance footage "in the aggregate" would be "security information"

because it would provide "a clear picture of the interior of the Capitol, including entry and exit points, office locations, and the relation of the crucial chambers and offices (such as the Speaker's Office or Majority Leader's Office) to other areas of the Capitol." DiBiase Decl. ¶ 16, Dkt. 82-2.  The Government stated that Defendant Green's counsel indicated he did not oppose the second motion, and that it "has been unable to ascertain the positions of defendants Pezzola or Pepe, through their counsel." Second Mot. ¶ 12.

The Press Coalition now respectfully moves to intervene in this matter to assert the public's interest, recognized under the First Amendment and the common law, in receiving any video exhibits submitted in this proceeding.

## ARGUMENT

### I. The Press May Intervene For The Purpose Of Challenging A Protective Order

It is well settled that members of the press, like members of the public, have standing to intervene to challenge protective orders and confidentiality designations that restrict access to materials of public concern.  *See League of Women Voters of the United States v. Newby*, 963 F.3d 130, 135 (D.C. Cir. 2020) ("Every circuit court that has considered the question—including this one—has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.") (internal marks omitted); *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("[T]hird parties [can] have their day in court to contest the scope or need for confidentiality," and "hold[ing] that third parties may be allowed to permissively intervene under [the Federal Civil Rules] for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order") (citations and internal marks omitted); *In re Guantanamo Bay Detainee Litig.*, 630 F. Supp. 2d 1, 4 (D.D.C. 2009) (noting that the Court had granted the press's motion to intervene "for the limited purpose of opposing the government's motion" to designate unclassified material as

3

"protected" under the Protective Order governing Guantanamo Bay prosecutions); *cf. United States v. Hubbard*, 650 F.2d 293, 311 n.67 (D.C. Cir. 1980) (noting that "[f]ederal courts have frequently permitted third parties to assert their interests in *preventing* disclosure of material sought in criminal proceedings") (emphasis added).

In another Capitol riot case where the Press Coalition moved to intervene to challenge the "Highly Sensitive" designation of CCTV footage that the defendant claimed was exculpatory, the Government conceded that such intervention "appears appropriate" and thus "assume[d] for purposes of th[e] motion that intervention under such circumstances is appropriate." United States' Opp. to the Press Coalition's Mot. to Intervene at 3-4, *United States v. Anderson*, 21-cr-215-RC, Dkt. 28 (emphasis added).

Under the law of this Circuit, the Court should permit intervention by the Press Coalition for the limited purpose of challenging the proposed Protective Order as it pertains to the Press Coalition's and the public's ability to secure release of any CCTV videos presented to the Court.

## II. The Government Fails To Justify Designating The CCTV Videos "Highly Sensitive"

The proposed protective order provides that "the burden of demonstrating the need for a protective order remains with the government at all times." *See* Dkt. 82-1 at 5. The Government has not demonstrated such a need with respect to any CCTV videos, and it cannot do so on these facts.

### A. The Government's position here contradicts its position in other riot cases.

In requesting that all CCTV videos be sealed upon filing, the Government contradicts the position it has taken in at least eight other pending Capitol riot prosecutions, where it has chosen not to contest, or has withdrawn any objection to, the release of Capitol surveillance footage. *See, e.g.*, Minute Order of Oct. 19, 2021 *United States v. Jensen*, 21-cr-6-TJK-1 (ordering release of videos to the Coalition "[u]pon consideration of the Government's Notice of Withdrawal of

4

Government's Motion to Seal Video Exhibit"); Minute Order of Oct. 11, 2021, *United States v. Nordean,* 21-cr-175-TJK (ordering release after the Government withdrew its objection to release of CCTV videos); Minute Order of July 2, 2021, *In re Application for Access to Certain Sealed Video Exhibits*, 21-mc-74-EGS (ordering release of CCTV video exhibits shown in *United States v. Cua*, 21-cr-107-RDM-1, after the Government indicated that "it and Mr. Cua are in agreement that the video . . . can be released"); Minute Order of June 19, 2021, *United States v. Morss*, 21-cr-40-TNM-5 (ordering release of videos, including four clips of CCTV footage, after "neither the government nor the defense objects to the release"); Minute Order of June 23, 2021, *United States v. Owens*, 21-cr-286-BAH (ordering release of video exhibits, including two CCTV video clips, to the Press Coalition based on the parties' consent); Minute Order of June 24, 2021, *In re Application of Press Coalition for Certain Sealed Video Exhibits*, 21-mc-85-CRC (ordering release of four video compilations shown to the court in *United States v. Egtvedt*, 21-cr-177, which included CCTV footage, after "both the government and the defendant have indicated their consent to the release"); *Jackson*, 2021 U.S. Dist. LEXIS 49841, at *2 (noting the Government took no position on a Press Coalition member's request for release of Capitol surveillance videos shown at a detention hearing); United States' Second Supp. Resp. to Expedited Mot. for Public Access to Certain Sealed Video Exhibits, *In re Application of Press Coalition for Certain Sealed Video Exhibits*, 21-mc-34-TFH, Dkt. 8 (withdrawing objection to release of Capitol surveillance videos shown to the court in *United States v. Tanios*, 21-cr-222-TFH-2).

    The Government itself has disseminated such videos as well. During the House impeachment proceedings, fourteen different CCTV video clips were presented by lawmakers alongside a graphic depicting the rioters' movements through the Capitol building. *See full video*

*of how insurrection at Capitol unfolded*, CNN (Feb. 10, 2021), https://www.cnn.com/videos/politics/2021/02/10/security-footage-capitol-riot-plaskett-timeline-impeachment-trial-two-vpx.cnn (Capitol security video shown at 12:30, 17:30, 21:40, 22:50, 33:40, 34:34 during President Trump's second impeachment trial); *Impeachment Trial Shown Video of Assault of House and Senate Chambers and Shooting of Ashli Babbitt*, CSPAN (Feb. 10, 2021), https://www.c-span.org/video/?c4945108/impeachment-trial-shown-video-assault-house-senate-chambers-shooting-ashli-babbitt (Capitol security video shown at 1:20, 4:40, 8:05, 11:20, 12:40, 14:40, 16:30, 18:40).

      **B.**      **The Government's rationale for secrecy no longer withstands scrutiny.**

The Chief Judge of this District has recently determined – and the Government has conceded – that the Government's justification for designating surveillance videos as "Highly Sensitive" no longer withstands scrutiny. In a recent seminal decision on this exact issue, with the identical record the Government presents to this Court, Chief Judge Howell rejected the same argument that Capitol surveillance video is categorically sensitive material that cannot be disclosed to the public. *See United States v. Torrens*, 2021 U.S. Dist. LEXIS 174997 (D.D.C. Sept. 15, 2021). There, the Government opposed the Press Coalition's request for release of videos the Government had submitted to the court in connection with a plea hearing and relied on the same DiBiase declaration and mosaic theory regarding security concerns. *Id.* at *15. The Chief Judge stated that while the Government's "interest in maintaining the security of the U.S. Capitol is indisputably very strong," the asserted risk of prejudice from release of the videos "is speculative and attenuated," and in particular, the DiBiase declaration was "simply too generalized to show a risk of prejudice from disclosure of the five videos at issue in this case." *Id.* at *18. The Chief Judge also questioned the security concerns given that "many videos taken

6

from the U.S. Capitol CC[T]V system have been disclosed both through proceedings in the Capitol cases, and during former President Donald Trump's second impeachment proceedings." *Id.* at *17; *see also* Order, *United States v. Anderson,* 21-cr-215-RC, Dkt. 37 (ordering the Government to remove its "Highly Sensitive" designation in that case so that the defendant could share the CCTV video clip with the press over the Government's objection).

Since the *Torrens* decision, this Court has asked the Government to justify continued resistance to release of CCTV videos in two other Capitol riot cases. In *United States v. Nordean,* 21-cr-175-TJK, both the defendant and the Press Coalition moved to have Capitol riot videos de-designated as "Highly Sensitive" so that the videos could be publicly distributed. *See* Def. Nordean's Mot. to Remove Sensitivity Designation from Certain Capitol Videos Produce in Discovery, Dkt. 129; Press Coalition's Mot. to Intervene and Mem. of Points and Authorities in Support Thereof, Dkt. 176. In late September, the Court pointed to the *Torrens* decision and ordered the Government to "address[] whether the videos at issue have been released, if other footage from the same cameras has been released, if footage depicting the same area of the U.S. Capitol building has been released, and whether the Government still opposes Nordean's Motion to Remove Sensitivity Designation." Minute Order of Sept. 30, 2021. The Government responded that it no longer objected to release of the CCTV videos. Gov't Status Report Regarding Sensitivity Designation as to U.S. Capitol Police Surveillance Video, Dkt. 202; Minute Order of Oct. 11, 2021 (ordering release of the videos to the Coalition). Similarly, in *United States v. Jensen,* 21-cr-6-TJK-1, the Government withdrew its objection to release of Video Exhibits when prodded by this Court to provide a status update in light of the *Torrens* decision. *See* Minute Order of Oct. 13, 2021 Minute Order; Notice of Withdrawal of Mot. to Seal Exhibit, Dkt. 47.

This Court is aware that pursuant to Coalition member requests, as well as video shown during the impeachment proceedings, more than 30 CCTV video clips depicting the Capitol riots have been released.  *See Video Evidence Shown in the Capitol Insurrection Criminal Cases*, ProPublica (July 27, 2021), https://projects.propublica.org/jan-6-video-evidence/ (compiling videos provided to the Press Coalition, thirteen of which are CCTV video clips);[1] *News4 Obtains Video of Alleged Baseball Bat Attack at US Capitol Insurrection*, NBCWashington (Mar. 18, 2021) https://www.nbcwashington.com/news/local/news4-obtains-video-of-alleged-baseball-bat-attack-at-us-capitol-insurrection/2611519/ (CCTV footage shown at 1:06); Zoe Tillman, *New Capitol Surveillance Footage Shows A Breach By Jan. 6 Rioters From Start To Finish*, BuzzFeed News (Oct. 18, 2021), https://www.buzzfeednews.com/article/zoetillman/capitol-footage-police-trump-insurrection-mob (publishing videos released in the *Nordean* case).

The D.C. Circuit addressed an analogous situation in *Washington Post v. Robinson*, where the *Post* sought access to the plea agreement of a district employee who cooperated with an investigation into Mayor Marion Barry.  935 F.2d 282, 283-85 (D.C. Cir. 1991).  The government argued that the record should remain sealed because it "was part of an ongoing criminal investigation that might be compromised or that might embarrass innocent parties if publicized," because "release of the agreement may [have made] it difficult to secure the cooperation of other witnesses," and because "the safety of [the cooperator] and his family

---

[1] Those CCTV videos are "Video 6 - Crypt CCTV .asf," "Video 7 - Crypt CCTV.asf," "Video 8 - Crypt CCTV.asf," "Video 9 - Senate Wing Door CCTV.asf" under "USA v. Torrens;" "IMG_4100.mov" under "USA v. Anderson;" "Detention Ex 4 Cua.mp4" under "USA v. Cua;" "BWC and CCTV of Incident.mp4" under "USA v. Egtvedt" (including two CCTV video clips); "Exhibit H- Par 21- 22.mp4," "Exhibit J- Par 25-26.mp4," "Exhibit L-Par 27-28.mp4" and "Exhibit N- Par 31-34.mp4" under "USA v. Morss;" "Exhibit 3 - Rotunda doors.mp4" and "Exhibit 4 - Rotunda doors.mp4" under "USA v. Owens;" "Exhibit 11 - Video Upper Terrace West-1.mp4" and "Exhibit 12 - Video Upper Terrace West-2.mp4" under "USA v. Tanios;" and "Ex. 5 - USCP - Lower West Terrace - 16.48.38.mp4" under "USA v. Whitton."

would have been placed at risk." *Id.* at 291 (citation, internal marks, and alterations omitted). The court rejected these speculative concerns, reasoning that the substantial amount of already-public information about the investigation and the cooperator's involvement, including information reported by the press, meant that unsealing the plea agreement "could hardly have posed any <u>additional</u> threat to the ongoing criminal investigation." *Id.* at 292 (emphasis added).

Because the public already has access to an enormous volume of videos from inside the Capitol, the Government likewise cannot demonstrate that public distribution of any CCTV videos submitted in this case would pose any further threat to the security of the Capitol. Especially when weighed against the public's access interests, the Government cannot justify maintaining its designation of CCTV videos as "Highly Sensitive."

### III. Judicial Materials Should Be Noticed on the Docket and Not Categorically Sealed.

Even if the Government were to assert that *some* specific CCTV videos or other materials submitted to the Court should be designated as confidential, judicial materials should not be sealed by default upon filing. The Local Rules provide that "[a]bsent statutory authority, no case or document may be sealed without an order from the Court," and "[a] document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal." L.R. Crim. P. 49(f)(6)(i). As Judge Amy Berman Jackson recently held when presented with an identical proposed protective order in a Capitol riot case, Paragraph 4.d of the proposed Second Protective Order – providing for the automatic filing under seal of materials designated "Sensitive" or "Highly Sensitive" – is in violation the Local Rules. *See* Minute Order of Sept. 1, 2021, *United States v. Lazar*, 21-cr-525 (declaring "[a]ny protective order must be in accordance with the presumption against sealed proceedings that applies in this Circuit, and must provide that absent

9

statutory authority, no party shall file such materials under seal without an order from the Court pursuant to Local Rule of Criminal Procedure 49(f)(6)(i)").

As this Court is aware, the need for public access to any video exhibits submitted in the Capitol riot cases "is very strong, as evidenced by the extraordinary public interest surrounding the events that took place at the U.S. Capitol on January 6." *Torrens*, 2021 U.S. Dist. LEXIS 174997, at *16. The Press Coalition therefore asks that the Court additionally direct the parties to file a notice when video exhibits are submitted to the Court so that the public is aware of these submissions, and that the notice state the parties' positions regarding whether the videos may be released to the public in accordance with Standing Order 21-28. *See, e.g., United States v. Griffith*, 21-cr-204-BAH: United States' Notice of Filing of Items Incompatible with CM/ECF, Dkt. 93 (listing video exhibits submitted to the court and stating the Government did not oppose release of the videos); Minute Order of October 9, 2021 (ordering defendant Jack Jesse Griffith to inform the court regarding his position on release of the video exhibits); Minute Order of October 13, 2021 (directing the Government to make video exhibits submitted in connection with a hearing available through the "'drop box' technical solution described in Standing Order 21-28").

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court (1) deny the Government's motion for a protective order to the extent that it prohibits distribution of and seals CCTV videos submitted to the Court, and further order the parties to (2) file a public notice on the docket when they submit video exhibits to the Court, and (3) include in that notice the parties' positions regarding release of the videos to the Press Coalition consistent with Standing Order No. 21-28.

Dated:  October 22, 2021          Respectfully submitted,

                                                      BALLARD SPAHR LLP

                                                      /s/ *Charles D. Tobin*
                                                      Charles D. Tobin (#455593)
                                                      Maxwell S. Mishkin (#1031356)
                                                      Lauren Russell (#1697195)
                                                      1909 K Street, NW, 12th Floor
                                                      Washington, DC 20006
                                                      Telephone: (202) 661-2200
                                                      Fax: (202) 661-2299
                                                      tobinc@ballardspahr.com
                                                      mishkinm@ballardspahr.com
                                                      russelll@ballardspahr.com

                                                      *Counsel for the Press Coalition*