UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 21-cr-00052 |
| ) | |
| WILLIAM PEPE ) | |
| ) | |
| Defendant ) | |
| ) | |

**<u>DEFENDANT WILLIAM PEPE'S MOTION TO CONTINUE TRIAL</u>**

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

1

NOW comes Defendant William Pepe by and through his counsel of record, William L. Shipley, Jr., and respectfully files this motion to continue trial currently set to begin May 20, 2024.

On April 17, 2024, counsel for the Government informed the undersigned counsel that the Government had obtained a Second Superseding Indictment against the Defendant and that the charging document should be on PACER the following day.

On April 18, 2024, undersigned counsel received the CM/ECF notice and copy of the Second Superseding Indictment.

In the new indictment the Government has removed the prior Count One, that had charged the Defendant with Conspiracy to Obstruct and Official Proceeding under 18 U.S.C. Section 1512(k), as well as prior Count Six, charging the Defendant with Destruction of Government Property, and Aiding and Abetting, in violation of Sec. 1361.

The new indictment <u>adds</u> as new charge Count 5, Tampering with Records, Documents, or Other Objects in violation of Sec. 1512(c)(1).  The factual allegations are that the Defendant deleted data from his cellular telephone between January 6 and January 12, 2021.

Trial in this matter is set to begin May 20, 2024, and the intention of both parties that this will be a bench trial.[1]

Pursuant to 18 U.S.C. Sec. 3161(c)(2), when a new charge is introduced via a superseding indictment, trial shall not commence less than 30 days

---

[1] The Defendant has executed the written waiver of his right to a jury trial.  What remains is for the Court to conduct and oral colloquy of the Defendant with regard to his knowing and intelligent waiver of this right.  It is anticipated that such colloquy will take place during the Pretrial Conference.

2

following the return of an indictment containing the new charge absent a written waiver by the defendant.

Here the new charge has been returned in the Second Superseding Indictment 33 days prior to the trial date. While the new charge does not fall within the 30 day window, the new charge is such that the interest of justice require a continuance of the trial date to afford the undersigned counsel and the Defendant the opportunity to prepare to defend against the charge.

The new charge raises technical issues involving the forensic examination of a cellular telephone that were not within the scope of the case under the previous indictments. While the discovery provided to date has included the forensic report and contents of the cellular telephone, the question of what data was on the phone – and what data would be used at trial in that regard – is a fundamentally different question than whether data was allegedly impaired between January 6 and 12, 2021.

Whether data on the phone was impaired is arguably an opinion based on technical expertise and can only come in as expert testimony. There has been no expert disclosure to date, nor has other material be disclosed required pursuant to Rule 16 with regard to expert witness testimony. This also raises the question of whether the defense needs to retain an expert witness to examine the phone and be prepared to offer contrary testimony.

The Defendant was arrested on January 22, 2021, and his cellular telephone was seized at that time. The new charge in the Second Superseding Indictment comes 39 months after the events described in Count Five – impairment of data on the phone between January 6 and 12, 2021.

The new charge may also be subject to Rule 12 motions and/or motions in limine which have not previously been considered.

The undersigned counsel and counsel for the Government had an extended discussion on this subject as part of their "meet and confer" regarding the Joint Pretrial Report.  At this time the Government does not have a position either agreeing to continue the trial or opposing this motion, pending further discussions with supervisors in the U.S. Attorneys' Office.

In addition to this motion, Defendant Pepe requests that this Court extend by one week the filing deadline for the Joint Pretrial Statement -- currently due on April 19 -- to April 26, 2024.  The Government does not object to that request.

The Pretrial Conference in this matter is set for May 3, 2024.  The parties respectfully request a status conference at an earlier date if available on the Court's calendar.

Dated: April 18, 2024            Respectfully submitted,

/s/ *William L. Shipley*
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com