UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM PEPE,<br><br>　　　　*Defendant*. | Criminal Action No. 21-52-2 (TJK) |

**COURT'S PROPOSED INSTRUCTIONS OF LAW**

**Count One: Obstructing Officers During a Civil Disorder**
**(Violation of 18 U.S.C. § 231(a)(3))**

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

[Element three requires either (1) that the civil disorder obstructed, delayed, or adversely affected commerce or the movement of an article or commodity in commerce, or (2) that the civil disorder obstructed, delayed, or adversely affected the conduct or performance of a federally pro-

tected function.   The government is not required to prove both of those conditions.   However, the government must prove at least one of those two conditions beyond a reasonable doubt.]

<u>Definitions</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.   It also means commerce wholly within the District of Columbia.

[The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service).   The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.   In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

**Count Three: Entering or Remaining in a Restricted Building or Grounds**
**(Violation of 18 U.S.C. § 1752(a)(1))**

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One, [except for this count, it also requires that the defendant knew the building or grounds were restricted and that she lacked the lawful authority to enter or remain there.]

### Count Four: Disorderly or Disruptive Conduct in a Restricted Building or Grounds
### (Violation of 18 U.S.C. § 1752(a)(2))

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety. Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "knowingly" has the same meaning described in the instructions for Count One, [except for this count, it also requires that the defendant knew the building or grounds were restricted.]

The term "restricted building or grounds" has the same meaning described in the instructions for Count Three.

4

## Count Five: Tampering with Records, Documents, or Other Objects
## (Violation of 18 U.S.C. § 1512(c)(1))

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant altered, destroyed, mutilated, or concealed a record, document, or other object, or attempted to do so.

Second, the defendant acted knowingly.

Third, the defendant acted corruptly.

Fourth, the defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding.

Definitions

The term "knowingly" has the same meaning described in the instructions for Count One.

[There are multiple ways to prove that a defendant acted corruptly. The defendant may use independently unlawful means or act with an unlawful purpose, or both, and act with consciousness of wrongdoing. "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful. Or a defendant may act dishonestly.] Another way of acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person, such as preventing negative testimony at a trial.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding

by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

While the defendant must act with intent to obstruct the official proceeding, this need not be their sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for their conduct.

The term "official proceeding" includes a grand jury proceeding. If the official proceeding was not pending at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count Five, the term "official proceeding" means the grand jury's investigation into the attack on the United States Capitol on January 6, 2021, and the federal criminal prosecution of the defendant in the United States District Court for the District of Columbia.

### **Attempt**

In Counts One and Five, the defendant is also charged with attempt to obstruct officers during a civil disorder and attempt to tamper with records, documents, or other objects. These are not separate offenses but merely another way in which the government alleges that the defendant committed the offenses in Counts One and Five. An attempt to commit these crimes is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit these crimes, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crimes of obstructing officers during a civil disorder [or] tampering with records, documents, or other objects.

Second, that the defendant took a substantial step toward committing the crimes of obstructing officers during a civil disorder [or] tampering with records, documents, or other objects, which strongly corroborates or confirms that the defendant intended to commit those crimes.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit the crimes of obstructing officers during a civil disorder [or] tampering with records, documents, or other objects merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit the crimes of obstructing officers during a civil disorder [or] tampering with records, documents, or other objects merely because the defendant made some plans to [commit] or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit the crimes of obstructing officers during a civil disorder, or tampering with records, documents, or other objects.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crimes.

### Aiding and Abetting

In this case, the government also alleges that the defendant committed the crimes of obstructing officers during a civil disorder, as charged in Count One, and disorderly and disruptive conduct in a restricted building or grounds, as charged in Count Four, by aiding and abetting others in committing these offenses.  These are not separate offenses but merely another way in which the government alleges that the defendant committed the offenses in Counts One and Four.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that

7

the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstructing officers during a civil disorder or disorderly and disruptive conduct in a restricted building or grounds because the defendant aided and abetted others in committing these offenses, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstructing officers during a civil disorder or disorderly and disruptive conduct in a restricted building or grounds by committing each of the elements of the offense charged.

Second, that the defendant knew that obstructing officers during a civil disorder or disorderly and disruptive conduct in a restricted building or grounds was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstructing officers during a civil disorder or disorderly and disruptive conduct in a restricted building or grounds.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstructing officers during a civil disorder or disorderly and disruptive conduct in a restricted building or grounds.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in

some way, aid, assist, solicit, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, solicit, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstructing officers during a civil disorder [or disorderly and disruptive conduct in a restricted building or grounds] as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.